UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

ASHOK KUMAR,                                                    ECF CASE
                                                                                07-CIV-8826 (LTS)
                            Plaintiff,                        COMPLAINT

            -against-
                                                                                PLAINTIFF DEMANDS
UNDERCOVER N.Y.S. TAX AGENT JOSE                TRIAL BY JURY
SILVERIO, BADGE No. 171; UNDERCOVER N.Y.S.
TAX AGENT LEONARD CHASTEN, BADGE No. 111;
N.Y.S. TAX INVESTIGATOR, JOHN CONNOLLY;
N.Y.S. TAX INVESTIGATOR THOMAS FIDELE, SR,
BADGE No. 308; UNDERCOVER N.Y.S. TAX AGENT
No. 106, WHOSE NAME AND BADGE NUMBER
ARE PRESENTLY UNKNOWN,

                            Defendants.

-----------------------------------------------------------------------x

## INTRODUCTORY STATEMENT

1.      The plaintiff, ASHOK KUMAR, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of his rights afforded by the United States Constitution and under the laws of the State of New York.

2.      On March 9, 2006, the plaintiff was arrested by an investigator for the Westchester County District Attorney's Office, without just and probable cause based on false information provided by defendants, JOSE SILVERIO, LEONARD CHASTEN, THOMAS FIDELE SR. and JOHN CONNOLLY

3.      The plaintiff was detained, issued a desk appearance ticket and prosecuted for the offense of Attempting to Evade or Defeat Cigarette Tax.

4. The plaintiff continued to prosecuted by the Westchester County District Attorney's Office until the charge was dismissed on the prosecutor's own motion on October 16, 2006.

## JURISDICTION

5. The court has jurisdiction over plaintiff's claim under 42 U.S.C. 1983 pursuant to 28 U.S.C. Sec.1331 and Sec 1343(3).

## PARTIES

6. The plaintiff is a legal resident of the United States and a resident of the State of New York.

7. Defendants Silverio, Chasten, Connolly and Fidele Sr. are sued herein in both their official and individual capacities, are currently and were, at all times hereafter mentioned, employed by the State of New York as agents of the New York State Department of Taxation and Finance.

8. Defendants Silverio and Chasten were employed as undercover officers working on an investigation into the distribution of untaxed cigars and cigarettes.

9. Defendants Connolly and Fidele Sr. were supervisory investigators working on an investigation into the distribution of untaxed cigars and cigarettes.

10. Undercover Officer No. 106 ("UC 106"), whose name is currently unknown, was employed by the New York State Department of Taxation and Finance as an undercover investigator and was assigned to investigate the distribution of untaxed cigars and cigarettes.

## FACTUAL ALLEGATIONS

11.     Commencing on November 18, 2005 and culminating in the arrest of the plaintiff on March 9, 2006, defendants Silverio, Chasten, Connolly and Fidele Sr., and UC No. 106, as agents of the New York State Department of Taxation and Finance, conducted an undercover investigation of the plaintiff in connection with the alleged distribution of untaxed cigarettes and cigars.

12.     During the course of the above investigation, the plaintiff was employed by Sonny Wholesalers, Inc, a licensed wholesale distributor of tobacco products.

13.     The plaintiff, as an employee of Sonny Wholesalers, Inc, was not licensed to pay cigarette or cigar taxes on the various tobacco products he purchased and distributed.

14.     On information and belief, defendants Silverio and Chasten, and UC No. 106 ("Undercover Defendants") acting under the supervision of defendants Connolly and Fidele Sr., acted as agents for Tornado Tobacco Distributors, an entity that distributed tobacco products, for the purpose of conducting a sting operation to net individuals who attempted to evade cigarette and cigar taxes.

15.     On November 18, 2005, December 7, 2005, January 16, 2006 and March 1, 2006 the Undercover Defendants, who were accompanied on some of these occasions by a confidential informant, went to plaintiff's place of business with the intent to sell him cigars.

16.     On each of these occasions the plaintiff did purchase cigars in exchange for US Currency.

17.     At no time was plaintiff made aware that he was purchasing cigars that were not taxed, nor did the plaintiff indicate to the defendants that he wished to purchase or distribute

cigars that were not taxed.

18.     Based upon information provided by the defendants, the plaintiff was arrested by an investigator of the Westchester County District Attorney's Office on March 8, 2006.

19.     The plaintiff was handcuffed and detained and issued a desk appearance ticket to appear in New Rochelle City Court.

20.     During the course of the arrest, certain property belonging to the plaintiff was seized by the defendants, including but not limited to a quantity of cigars, financial books and ledgers, personal checks and customer lists. To date, most of this property has not been returned to the plaintiff.

21.     The plaintiff was charged with Attempting to Evade or Defeat Cigarette Tax in violation of Chapter 60, Article 37, Section 181 4(a)(2)(ii) of the Tax Law of the State of New York, an E Felony.

22.     On March 10, 2006, an article was published in the New York Post stating that the plaintiff was involved in a cigar smuggling ring. The article contained a photograph of the plaintiff.

23.     The case against plaintiff was prosecuted by the Westchester County District Attorney's Office in the City Court in New Rochelle.

24.     After the plaintiff made several court appearances, all charges against him were dismissed on the motion of the prosecutor before Judge John Colangelo in the New Rochelle City Court on October 16, 2006.

## AS AND FOR A FIRST CAUSE OF ACTION

25. As a direct and proximate result of defendants' actions from March 8, 2006 until October 16, 2006, the plaintiff was falsely arrested and detained without just and probable cause and without a warrant, and maliciously prosecuted.

26. The false arrest and malicious prosecution of the plaintiff were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

27. As a direct and proximate result of defendants' actions, this plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 to be secure in his person, to be free from false arrest, malicious prosecution, without due process and to equal protection of the laws.

28. Defendants' actions caused plaintiff to be deprived of his liberty, suffered great physical and emotional pain and suffering, financial and economic loss, and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

29. As a result of the foregoing, the plaintiff seeks compensatory and punitive damages from all defendants.

## JURY DEMAND

30. The plaintiff respectfully demands that this proceeding be tried by a jury.

WHEREFORE, plaintiff prays for the following relief:

1) For a declaratory judgment under 28 U.S.C. Sec. 2201 declaring that the defendants, separately and in concert, violated the plaintiff's constitutional rights; and

2)    For compensatory damages against all defendants; and

3)    For punitive damages against defendants; and

4)    For attorney's fees and costs pursuant to 42 U.S.C. Sec. 1988; and

5)    For other relief as is just and proper.

Dated:  Brooklyn, New York
         September        , 2007

EDWARD FRIEDMAN, ESQ.
EDF-4000
Attorney for Plaintiff
26 Court Street - Suite 1903
Brooklyn, New York 11242
(718) 852-8849