UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
ASHOK KUMAR,

          Plaintiff,

     -against-

UNDERCOVER N.Y.S. TAX AGENT JOSE SILVERIO,
BADGE No. 171; UNDERCOVER N.Y.S. TAX AGENT
LEONARD CHASTEN, BADGE No. 111; N.Y.S. TAX
INVESTIGATOR, JOHN CONNOLLY; N.Y.S. TAX
INVESTIGATOR, THOMAS FIDELE, SR., BADGE No.
308; UNDERCOVER N.Y.S. TAX AGENT No. 106,
WHOSE NAME AND BADGE NUMBER ARE
PRESENTLY UNKNOWN,

          Defendants.
------------------------------------------------------------------------- x

07-CIV-8826 (FM)(LTS)
(Electronically Filed)

**ANSWER**

        Defendants Leonard Chasten, John Connolly and Thomas Fedele, Sr. ("Fedele") respectfully answer the Complaint, dated September 25, 2007 (the "Complaint"), in this action as follows:

INTRODUCTORY STATEMENT

        1.    Deny the allegations contained in paragraph 1 of the Complaint that Defendants violated plaintiff's rights and neither admit nor deny the remaining allegations contained in said paragraph as those allegations constitute the legal grounds for plaintiff's suit or conclusions of law, to which no response is required.

        2.    Deny the allegations contained in paragraph 2 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in such paragraph relating to the arrest of plaintiff.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admit that plaintiff was issued a desk appearance ticket the offense of Attempting to Evade or Defeat Cigarette Tax.

4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION

5.  Neither admit nor deny the allegations contained in paragraph 5 of the Complaint as they constitute plaintiff's legal contentions or conclusions of law, as to which no answer is required.

## PARTIES

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.  Admit the allegations contained in paragraph 7 of the Complaint that defendants Chasten, Connolly and Fedele currently are and were at all relevant times employed by the New York State Department of Taxation and Finance ("DTF"); admit that defendant Silverio was employed at all relevant times by the DTF but deny that he is currently employed by the DTF; neither admit nor deny the remaining allegations contained in paragraph 7 of the Complaint as they constitute plaintiff's legal contentions or conclusions of law, as to which no answer is required.

8.  Admit the allegations contained in paragraph 8 of the Complaint, except deny that defendants Silverio and Chasten were "employed as undercover officers."

9.  Admit the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in such paragraph regarding plaintiff's knowledge of the name of the person described in such paragraph as Undercover Officer No. 106.

## FACTUAL ALLEGATIONS

11. Deny the allegations contained in paragraph 11 of the Complaint except admit that Silverio, Chasten, Fedele and another DTF employee conducted an undercover investigation of plaintiff in connection with the distribution of untaxed cigars.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except admit that Sonny Wholesalers, Inc. was a licensed wholesale distributor of tobacco products.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint except admit that defendants Silverio, Chasten and another DTF employee were acting under the supervision of defendant Fedele and admit that defendants Silverio and Chasten posed as agents of Tornado Tobacco Distributors.

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit that on November 18, 2005, defendant Silverio and another DTF employee went to plaintiff's place of business with the intent to sell him cigars, accompanied by a confidential informant, and that on

December 7, 2006, January 16, 2006 and March 1, 2006, defendant Chasten went to plaintiff's place of business with the intent to sell him cigars.

16. Admit the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admit that plaintiff was arrested by the Westchester County District Attorney's office.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint except admit that plaintiff was issued a desk appearance ticket to appear in New Rochelle City Court.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admit that property was seized and deny that most of the seized property has not been returned to plaintiff.

21. Admit the allegations contained in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint, except admit that plaintiff seeks damages as set forth in the paragraph.

## JURY DEMAND

30. Admit the allegations contained in paragraph 30 of the Complaint that plaintiff demands a jury trial.

## AS AND FOR A FIRST DEFENSE

31. Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

32. Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

## AS AND FOR A THIRD DEFENSE

33. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FOURTH DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A FIFTH DEFENSE

35. Defendants are entitled to absolute immunity, in whole or in part, with respect to the claims asserted against them.

## AS AND FOR A SIXTH DEFENSE

36. Defendants are entitled to qualified immunity, in whole or in part, with respect to the claims asserted against them.

## AS AND FOR A SEVENTH DEFENSE

37. The conduct complained of was properly within the discretionary authority committed to defendants to perform their official functions, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

## AS AND FOR AN EIGHTH DEFENSE

38. This Court lacks subject matter jurisdiction over the state law causes of action set forth in the Complaint because the federal claims asserted do not rise to a constitutional level, and the Court should not exercise jurisdiction over the state law claims.

## AS AND FOR A NINTH DEFENSE

39. On information and belief, plaintiff's claims are barred, in whole in part, by doctrines of res judicata and/or collateral estoppel.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed, with prejudice, that costs of this action and attorney's fees be awarded to Defendants, and that the Court grant such other and further relief as it may deem just and proper.

Dated: New York, New York
       February 12, 2008

                          Respectfully submitted,

                          ANDREW M. CUOMO
                          Attorney General of the State of New York
                          Attorney for Defendants
                          By:

                          HILARY R. KASTLEMAN (HK-3607)
                          Assistant Attorney General
                          120 Broadway
                          New York, New York 10271
                          (212) 416-8888