UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

ASHOK KUMAR,

        Plaintiff,

        -against-

UNDERCOVER N.Y.S. TAX AGENT JOSE SILVERIO, BADGE No. 171; UNDERCOVER N.Y.S. TAX AGENT LEONARD CHASTEN, BADGE No. 111; N.Y.S. TAX INVESTIGATOR, JOHN CONNOLLY; N.Y.S. TAX INVESTIGATOR, THOMAS FIDELE, SR., BADGE No. 308; UNDERCOVER N.Y.S. TAX AGENT No. 106, WHOSE NAME AND BADGE NUMBER ARE PRESENTLY UNKNOWN,

        Defendants.
----------------------------------------------------------------------x

07-CIV-8826 (FM)(LTS)
(Electronically Filed)

**Preliminary Pre-Trial Statement**

**a.    A concise statement of the nature of this action**

The plaintiff, ASHOK KUMAR, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of his rights afforded by the United States Constitution and under the laws of the State of New York. Plaintiff alleges that he was arrested by an investigator for the Westchester County District Attorney's Office, without just and probable cause based on false information

provided by defendants, JOSE SILVERIO, LEONARD CHASTEN, THOMAS FIDELE SR. and JOHN CONNOLLY.[1]

The plaintiff was detained, issued a desk appearance ticket and prosecuted for the offense of Attempting to Evade or Defeat Cigarette Tax. The plaintiff continued to prosecuted by the Westchester County District Attorney's Office until the charge was dismissed on the prosecutor's own motion on October 16, 2006.

Defendants maintain that plaintiff's false arrest and malicious prosecution claims should be dismissed because defendants are entitled to qualified immunity for their actions. Plaintiff's false arrest claims should also be dismissed because plaintiff cannot show that defendants initiated the arrest or that probable cause was absent. Plaintiff's malicious prosecution claim should be dismissed because plaintiff cannot show that defendants initiated or continued the prosecution, that there was a lack of probable cause for the commencement of the prosecution, that there was actual malice as a motivation for the prosecution or that the prosecution terminated in plaintiff's favor. Defendants seek an award of attorney's fees and costs for expenses incurred in defending this action.

b.  **A concise statement of each party's position as to the basis of this Court's Jurisdiction:**

The court has jurisdiction over plaintiff's claim under 42 U.S.C. 1983 pursuant to 28 U.S.C. Sec.1331 and Sec 1343(3).

To the extent that plaintiff has sued defendants in their official capacities, plaintiff's claims

---

[1] No answer has been interposed on behalf of defendant Silverio

are barred by the 11th Amendment to the U.S. Constitution. Because plaintiff's federal claims under 42 U.S.C. § 1983 do not rise to a constitutional level, this Court should not exercise supplemental jurisdiction over state law claims.

c.   **A statement of all material uncontested facts:**

1. Defendants Chasten, Connolly, Fidele and Silverio were employees of the New York State Department of Taxation and Finance ("DTF") at all relevant times.

2. Defendants Silverio and Chasten were working on an investigation into the distribution of untaxed cigars and cigarettes.

3. Defendants Connolly and Fidele, Sr. were supervisory investigators working on an investigation into the distribution of untaxed cigars and cigarettes.

4. Defendants Silverio and Chasten, and another DTF employee, were working under the supervision of defendant Fidele, and defendants Silverio and Chasten posed as agents of Tornado Tobacco Distributors.

5. On November 18, 2005 defendant Silverio and another DTF employee went to plaintiff's place of business with intent to sell him cigars, accompanied by a confidential informant.

6. On December 7, 2005, January 16, 2006 and March 1, 2006, defendant Chasten went to plaintiff's place of business with intent to sell him cigars.

7. On each of the above occasions the plaintiff would purchase cigars in exchange for U.S. currency.

8. Plaintiff did not pay New York tobacco or cigarette taxes on any of the cigars

purchased from defendants.

9. Plaintiff was arrested by the Westchester County District Attorney's Office.

10. Plaintiff was issued a desk appearance ticket to appear in New Rochelle City Court.

11. Certain property of the plaintiff was seized by agents of the New York State Department of Taxation and Finance.

12. The plaintiff was charged with attempting to evade and defeat cigarette tax in violation of Chapter 60, Article 37, Section 181 4(a)(2)(ii) of the Tax Law of the State of New York, an E felony.

**d.    A concise statement of all uncontested legal issues:**

**e.    A concise statement of all legal issues to be decided by the Court:**

1. Whether plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

2. Whether each defendant had the requisite personal involvement in plaintiff's arrest sufficient to state a claim for relief.

3. Whether there was probable cause to arrest plaintiff for the offense of Attempting to Evade or Defeat Cigarette Tax.

4. Whether each defendant had the requisite personal involvement in plaintiff's prosecution sufficient to state a claim for relief.

5. Whether there was probable cause to prosecute plaintiff for the offense of Attempting to Evade or Defeat Cigarette Tax.

6. Whether defendants acted with malice in connection with the prosecution of plaintiff.

7. Whether plaintiff's prosecution terminated in a manner favorable to him.

8. Whether plaintiff's claims are, in whole or in part, barred by the applicable statute of limitations.

9. Whether each defendant is entitled to qualified immunity for any actions relating to the alleged false arrest or malicious prosecution of plaintiff.

10. Whether the Court should exercise supplemental jurisdiction over plaintiff's state law claims.

**f.     Each party's concise statement of material disputed facts.**

Plaintiff's statement:

Plaintiff maintains that at no time was he aware that he was purchasing cigars that were not taxed, plaintiff was not a taxing agent for the distribution of cigarettes and cigars and plaintiff was not told by the agents or the confidential informant that the tax was not paid on the cigars.

Defendants' Statement:

Plaintiff was fully aware that he was purchasing cigars that were not taxed. None of the defendants provided false information to the Westchester County District Attorney's Office.

Plaintiff's personal property seized in connection with his arrest was returned to plaintiff, with the exception of the cigars he purchased from defendants.

**g.     Plaintiff's statement regarding legal basis for each cause of action.**

Plaintiff was falsely arrested and detained and maliciously prosecuted, depriving him of the rights, privileges and immunities secured to him under the Constitution and the laws of the United States under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

**h.     Concise Statement of the legal basis for each defense asserted or expected to be asserted.**

Defendants will assert at trial and/or in a motion for summary judgment various defenses including:

1. Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

2. Defendants, in whole or in part, had no personal involvement in the events that are alleged to have caused plaintiff's injuries and plaintiff cannot recover damages against individual supervisory defendants based upon the legal theory of respondeat superior.

3. There was probable cause for plaintiff's arrest and prosecution.

4. Plaintiff cannot demonstrate that defendants acted with malice.

5. Plaintiff cannot demonstrate that the prosecution terminated in a manner favorable to him.

6. Plaintiff's claim regarding the alleged failure to return seized property is barred, in whole or in part, because it is moot.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

9. Defendants are entitled to absolute and/or qualified immunity, in whole or in part, with respect to the claims asserted against them because their actions involved the exercise of judgment and/or discretion.

10. It was objectively reasonable for defendants to believe that probable cause for the arrest and prosecution existed, or officers of reasonable competence could disagree on whether the probable cause test was met, therefore, defendants are entitled to qualified immunity.

11. The conduct complained of was properly within the discretionary authority committed to defendants to perform their official functions, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

12. This Court lacks subject matter jurisdiction over any state law causes of action set forth in the complaint because the federal claims asserted do not rise to a constitutional level and the Court should not exercise jurisdiction over state law claims.

13. Plaintiff suffered no personal injuries caused by defendants.

**i.   Statement of the measure and burden of proof**

Plaintiff has the burden of proof by a preponderance of the evidence for his claims under 42 U.S.C. §1983.

Defendants have the burden of proof under their defense of qualified immunity defense.

**j.   Amendments to plaintiffs or substitution of parties**

Plaintiff will wish to add a party identified in defendants' answer as "another DTF employee" who went to plaintiff's place of business with intent to sell him cigars.

Defendants' answer, paragraph  Plaintiff will seek to amend his complaint after disclosure of the name of this additional Department of Taxation and Finance employee.

**k.     Statement of consent to transfer the case to a magistrate judge**

Defendants do not consent, at this time, to transfer of this case to a magistrate judge for all purposes.  Defendants do consent to transfer of this case to a magistrate judge for purposes of discovery.

**l.     Changes in timing, for of requirements for disclosures under Fed. R. Civ. P. 26(a)**

Plaintiff's Rule 26(a) disclosures have been made.

Defendants' Rule 26(a) disclosures will be made on or before March 28, 2008.  Defendants seek to limit the Rule 26(a) disclosures related to providing personal information regarding the confidential witness.

**m.     The subject on which disclosure may be needed and proposed discovery cutoff date:**

Plaintiff requests the names of all agents involved in the undercover operation.  Any and all receipts for property taken from the plaintiff as a result of the investigation.   All police reports and memos regarding the investigation, and any and all tape recordings or videos involving the investigation.

Defendants currently intend to seek discovery of plaintiff's employment history, plaintiff's business and personal records, the business records of Sonny Wholesalers and the business records of any company engaged in the distribution of cigarettes or tobacco products with which plaintiff was formerly or is currently associated.  Defendants will also seek discovery regarding any alleged damages.  Defendants may also seek discovery from the Westchester District Attorney's Office and the Brooklyn District Attorney's Office regarding the investigation, arrest and prosecution of plaintiff.

   The parties currently agree to a proposed discovery cut off date of October 3, 2008.

**n.** **Expert evidence and proposed deadlines for expert discovery.**

   Plaintiff proposes that the cut off date be October 3, 2008.

   At this time plaintiff does not anticipate the use of any experts.

   At this time, defendants do not anticipate the use of any experts.

**o.** **Changes in the limitation of discovery under FRCP or the Local Rules of court**: The parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure.

**p.** **Status of settlement discussions.**

   There have been no settlement negotiations to date.

**q.** **Statement as to whether the case is to be tried with or without a jury:**

   Plaintiff requests that this case be tried with a jury and anticipates that the trial will take three days to complete.

   Defendants do not dispute plaintiff's right to a jury.

Dated: Brooklyn, New York
    March 7, 2008

_____

EDWARD FRIEDMAN, ESQ.
EDF-4000
Attorney for Plaintiffs
26 Court Street - Suite 1903
Brooklyn, New York 11242
(718) 852-8849


ANDREW M. CUOMO, ESQ.
New York State Attorney General

By:_____
   HILARY R. KASTLEMAN, ESQ.
   Assistant Attorney General
Attorney for Defendants
120 Broadway
New York, New York 10271