Case 1:07-cv-08826-LTS-FM    Document 25    Filed 08/08/2008    Page 1 of 8

```
                                          ┌─────────────────────────────┐
                                          │ USDC SDNY                   │
                                          │ DOCUMENT                    │
UNITED STATES DISTRICT COURT              │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK             │ #:                          │
                                          │ FILED: AUG 1 2 2008         │
                                          └─────────────────────────────┘
```

-----------------------------------------------------------------x

ASHOK KUMAR,

:

: 07-CIV-8826 (FM)(LTS)

Plaintiff, :

:

-against- : **STIPULATION AND**

: **ORDER OF SETTLEMENT**

UNDERCOVER N.Y.S. TAX AGENT JOSE SILVERIO, : **AND DISCONTINUANCE**

BADGE No. 171; UNDERCOVER N.Y.S. TAX AGENT :

LEONARD CHASTEN, BADGE No. 111; N.Y.S. TAX :

INVESTIGATOR, JOHN CONNOLLY; N.Y.S. TAX :

INVESTIGATOR, THOMAS FIDELE, SR., BADGE No. :

308; UNDERCOVER N.Y.S. TAX AGENT FANNY :

ALMANZAR, Badge No. 106, :

:

Defendants. :

-----------------------------------------------------------------x

WHEREAS, plaintiff Kumar was employed by Sonny Wholesalers Inc., a licensed wholesale

dealer of tobacco products during the times relevant to this action; and

WHEREAS, defendants are or were investigators employed by the New York State

Department of Taxation and Finance (the "Tax Department") who conducted an undercover

investigation into the sale and distribution of untaxed tobacco products in New York; and

WHEREAS, plaintiff was arrested by the Westchester County District Attorney's Office (the

"Westchester DA") on March 9, 2006 and charged with Attempting to Evade or Defeat Cigarette Tax

in violation of Chapter 60, Article 37, Section 1814(a)(2)(ii) of the New York Tax Law ("Tax Law")

and was subsequently released with a desk appearance ticket; and

WHEREAS, the Westchester DA dismissed the charges against plaintiff on or about October

16, 2006; and

WHEREAS, plaintiff filed, on or about December 22, 2006, Notice of Claim number 113191

against the State of New York in the New York Court of Claims alleging that he was arrested and prosecuted without probable cause in violation of his rights under New York State Law and the United States Constitution ("Claim No. 113191"); and

WHEREAS, plaintiff filed the instant action on or about September 25, 2007, naming as defendants Jose Silverio, Leonard Chasten, John Connolly, Thomas Fedele, Sr., and Undercover N.Y.S. Tax Agent 106 (later identified as Fanny Almanzar) alleging false arrest and malicious prosecution in violation of his rights under the United States Constitution and further alleging that certain property seized by the Tax Department was not returned to plaintiff; and

WHEREAS, on or about July 6, 2007, plaintiff submitted an application to the Tax Department for a license as a wholesale dealer of tobacco products; and

WHEREAS, on or about July 6, 2007, plaintiff submitted an application to the Tax Department for a license as a wholesale dealer of cigarettes; and

WHEREAS, on or about November 27, 2007, the Tax Department issued a notice of proposed refusal to register plaintiff as a wholesale dealer of cigarettes and as a wholesale dealer of tobacco products under Articles 20 and 20A of the New York State Tax Law; and

WHEREAS, on or about February 19, 2008, plaintiff submitted to the Division of Tax Appeals a petition for a review of a denial, suspension, cancellation or revocation or a license, permit or registration under Articles 20 and 20A of the Tax Law; and

WHEREAS, following an administrative hearing held on March 18, 2008, Administrative Law Judge ("ALJ") Joseph W. Pinto, Jr. issued a determination dated May 9, 2008 granting plaintiff's petition and directing the Tax Department to register plaintiff as a wholesale dealer of cigarettes and as a wholesale dealer of tobacco products; and

2

WHEREAS, the Tax Department has filed an exception to the May 9, 2008 determination of ALJ Pinto appealing his determination, and that administrative appeal is currently pending before the Tax Appeals Tribunal; and

WHEREAS, the parties are mutually desirous of resolving all issues pertaining to the above-captioned action, Claim No. 113191 and plaintiff's applications for registration as a wholesale dealer of cigarettes and as a wholesale dealer of tobacco products;

IT IS HEREBY STIPULATED AND AGREED, in consideration of the mutual promises, covenants, representations and other consideration contained in this Stipulation and Order, by and between the undersigned attorneys for the parties herein and non-parties State of New York and New York State Department of Taxation and Finance, as follows:

1.      The above-captioned action and Claim No. 113191 are and hereby shall be discontinued with prejudice, and without costs, disbursements, or fees as against any party. The parties expressly acknowledge and agree that this Stipulation and Order and the obligation of the Tax Department to perform pursuant to the terms of this Stipulation and Order are expressly conditioned on the discontinuance of this action and Claim No. 113191 with prejudice.

2.      The Tax Department's pending administrative appeal concerning plaintiff's applications for licenses as a wholesale dealer of cigarettes and as a wholesale dealer of tobacco products under Articles 20 and 20A of the Tax Law are hereby withdrawn with prejudice.

3.      The November 27, 2007 refusal to license plaintiff as a wholesale dealer of cigarettes and as a wholesale dealer of tobacco products is hereby withdrawn.

4.      The Tax Department shall not further oppose plaintiff's pending licenses as a wholesale dealer of cigarettes and as a wholesale dealer of tobacco products.

5.     Nothing in this Stipulation and Order shall relieve plaintiff of his obligation to comply with Tax Law Articles 20 and 20A and applicable regulations governing the conduct of wholesale dealers of cigarettes and wholesale dealers of tobacco products.

6.     Nothing in this Stipulation and Order shall preclude the Tax Department or its representatives from taking any action or bringing any administrative proceeding against plaintiff to enforce the provisions of Tax Law Articles 20 and 20A and applicable regulations governing the conduct of wholesale dealers of cigarettes or wholesale dealers tobacco products, provided, however, that the Tax Department shall take no such action and bring no such enforcement proceeding for any act or omission of which it has knowledge as of the date of defendants' counsel's signatures on this Stipulation and Order.

7.     For and in consideration of the actions referenced in paragraphs 2 through 4 of this Stipulation and Order and other good and valuable consideration, and except for the rights and obligations set forth herein, plaintiff, for himself, his heirs, executors, administrators, successors, agents and assigns (collectively "Releasors"), hereby releases and forever discharges the herein defendants, the Tax Department, the State of New York, and its agencies, and any of their current, former, or future officials, officers, employees, heirs, administrators, devisees, agents, assigns or other representatives or successors-in-interest (collectively "Releasees") from any and all actions, proceedings, causes of action, claims, suits, debts, obligations, injuries, damages, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasors ever had, now have, or may have in the future against any of the Releasees for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever prior to and as of the date of this Stipulation and Order, including but not limited to: (a) any and all claims regarding or arising

4

out of the events and occurrences described, alleged or contained in the complaint in this action; (b) any and all claims regarding or arising out of the events and occurrences described, alleged or contained in Claim No. 113191; (c) any and all claims regarding or arising out of the Tax Department's issuance, on or about November 27, 2007, of a notice of proposed refusal to register plaintiff as a wholesale dealer of cigarettes and as a wholesale dealer of tobacco products under Articles 20 and 20A of the New York State Tax Law; (d) any and all claims under federal, state or local laws, statutes, constitutions regulations, rules, ordinances or orders, including the United States Constitution and the New York State Constitution; and (e) any and all other claims, whether for moneys owed, damages, claims of intentional or other torts, or any claims for costs, fees or other expenses, including attorney's fees. This release also includes a waiver and release of any claims related to allegations made by plaintiff before the New York Court of Claims and/or any other forum, administrative or otherwise, prior to and as of the date of this Stipulation and Order or related to or arising from any of the events, transactions or circumstances alleged in the complaint in this action and Claim No. 113191.

       8.    Each and every party to this Stipulation and Order hereby represents and warrants that he, she, or it has the capacity and is duly authorized to enter into this Stipulation and Order.

       9.    The provisions of this Stipulation and Order are not severable.

      10.    The provisions of this Stipulation and Order do not constitute a waiver or admission by any party, the State of New York or the Tax Department.

      11.    This Stipulation and Order may not be utilized in any administrative or judicial proceeding except a proceeding to enforce its terms.

5

12. All covenants and agreements contained herein, by or on behalf of any of the parties to this Stipulation and Order, shall be binding upon and inure to the benefit of the respective successors, assigns, heirs, devisees, or legal representatives, as the case may be, of such parties.

13. This Stipulation and Order constitutes the entire and complete understanding and agreement between the parties hereto concerning the matters set forth herein, and there are no other understandings or agreements, oral or otherwise.

14. All parties to this Stipulation and Order warrant and represent that they shall execute any and all documents necessary to effectuate the terms of this Stipulation and Order.

15. This Stipulation and Order may be amended or modified only by a written instrument signed by all of the parties hereto, and any purported modification that is not contained in a written instrument signed by all of the parties hereto shall be null and void.

16. This Stipulation and Order may be executed in counterparts.

17. A facsimile signature shall be deemed an original.

18. This Stipulation and Order may be filed with the Clerk of the Court or submitted to the Court and/or the New York State Court of Claims to be so-ordered without further notice to any party.

Dated: Brooklyn, New York
    July _31_, 2008

EDWARD FRIEDMAN, ESQ.
<u>Attorney for Plaintiff</u>

By: _____
    Edward Friedman (EDF-4000)
    26 Court Street, Suite 1903
    Brooklyn, NY 11242
    (718) 852-8849

Dated: White Plains, New York
    July __, 2008

ANDREW M. CUOMO
Attorney General of the State of New York
<u>Attorney for Non-Party State of New York</u>

By: _____
    Vincent Cascio (VC-0287)
    Assistant Attorney General
    101 East Post Road
    White Plains, New York 10601
    (914) 422-8730

Dated: New York, New York
    August ~~July~~ 7, 2008

ANDREW M. CUOMO
Attorney General of the State of New York
<u>Attorney for Defendants</u>

By: _____
    Hilary R. Kastleman (HRK-3607)
    Assistant Attorney General
    120 Broadway, 24th Floor
    New York, New York 10271
    (212) 416-8888

IT IS SO ORDERED:

_____
Hon. Frank Maas
United States Magistrate Judge

7

TOTAL P.02

Dated: Brooklyn, New York
July ___, 2008

EDWARD FRIEDMAN, ESQ.
Attorney for Plaintiff


By:_____

    Edward Friedman (EDF-4000)
    26 Court Street, Suite 1903
    Brooklyn, NY 11242
    (718) 852-8849

Dated: White Plains, New York
    ~~July~~ ___, 2008
    August 8, 2008
ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Non-Party State of New York

By:_____

    Vincent Cascio (VC-0287)
    Assistant Attorney General
    101 East Post Road
    White Plains, New York 10601
    (914) 422-8730


IT IS SO ORDERED:

_____ 8/12/08

~~Hon. Frank Maas~~
~~United States Magistrate Judge~~

**LAURA TAYLOR SWAIN U.S.D.J.**

Dated: New York, New York
July ___, 2008

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants

By:_____

    Hilary R. Kastleman (HRK-3607)
    Assistant Attorney General
    120 Broadway, 24th Floor
    New York, New York 10271
    (212) 416-8888

7